UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                         CASE No.: <u>1:12-cv-00016-SJ-SMG</u>
-----------------------------------------------------------------
RODNEY WATT

       Plaintiff,      AMENDED COMPLAINT

   -against-        PLAINTIFF(S) DEMAND
               TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. MATTHEW ZAPPIA (Sh. 4152),
SGT. DENIS SAMUYLIN (Sh. 3457).
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

      Defendant(s)
-----------------------------------------------------------------

  Plaintiff, RODNEY WATT, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff RODNEY WATT resides in New York and is a resident of the State of New York.

7. P.O. MATTHEW ZAPPIA (Sh. 4152) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

8. SGT. DENIS SAMUYLIN (Sh. 3457) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

10. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. On 8/29/2011 at 8:45 pm plaintiff was driving his car north on Fountain Ave. between Sutter St. and Blake Ave. in Brooklyn, NY.

12. At the above time and place plaintiff stopped at a NYPD police road block.

13. At the road block a white male officer with blondish/grey hair in his 40s asked plaintiff for his license and registration. Upon information and belief this officer was SGT. DENIS SAMUYLIN.

14. Plaintiff produced his credentials and SGT. DENIS SAMUYLIN took plaintiff's ID. SGT. DENIS SAMUYLIN then walked away from plaintiff's car.

15. While this was taking place another police officer began searching around inside of plaintiff's car without plaintiff's permission or consent. This officer was white, in his early 20's, had short brown hair and was approximately 6'1" and 210 lbs. Upon information and belief this was P.O. MATTHEW ZAPPIA. P.O. MATTHEW

ZAPPIA then stated, "I smell weed."

16. After P.O. MATTHEW ZAPPIA said this he tried to drag plaintiff out of his car. This could not be accomplished because plaintiff was still wearing his seatbelt.

17. Plaintiff tried to explain this to P.O. MATTHEW ZAPPIA and he responded by dragging plaintiff out of the car by his ear and clothes though a locked seatbelt.

18. Once plaintiff was dragged out of his car P.O. MATTHEW ZAPPIA slammed him against the side of the car.

19. While holding plaintiff against the car, P.O. MATTHEW ZAPPIA kicked plaintiff's legs apart hard enough to make him fall on the ground.

20. Once plaintiff was knocked to the ground P.O. MATTHEW ZAPPIA yelled, "He's trying to run!"

21. Once this happened, P.O. MATTHEW ZAPPIA began to punch and kick plaintiff in the face.

22. Plaintiff tried to protect his face from the beating which only encouraged P.O. MATTHEW ZAPPIA to hit him more and other officers at the checkpoint to join in on beating the plaintiff.

23. This was a severe beating of an extended duration which resulted in plaintiff suffering a broken nose, two black eyes, subconjunctival hemorrhages[1] of both eyes and numerous scrapes and bruises around his face, back, legs, and arms. To date plaintiff still suffers

---

[1] A subconjunctival hemorrhage (or subconjunctival haemorrhage) also known as hyposphagma, is bleeding underneath the conjunctiva. The conjunctiva contains many small, fragile blood vessels that are easily ruptured or broken. When this happens, blood leaks into the space between the conjunctiva and sclera.

Whereas a bruise typically appears black or blue underneath the skin, a subconjunctival hemorrhage initially appears bright-red underneath the transparent conjunctiva. Later, the hemorrhage may spread and become green or yellow, like a bruise. Usually this disappears within 2 weeks. A subconjunctival hemorrhage may be associated with high blood pressure, trauma to the eye, or a base of skull fracture if there is no posterior border of the hemorrhage visible.

from blurred vision in one eye and has difficulty breathing because of this beating.

24. After he was handcuffed P.O. MATTHEW ZAPPIA sprayed pepper spray into his open wounds on his face.

25. Plaintiff was then walked to a police car where he was placed in a restraint bag in the back of the police car.

26. In the back of the police car plaintiff was bleeding profusely and eventually an ambulance was called.

27. P.O. MATTHEW ZAPPIA and other officers made false statements to the EMS workers who arrived to treat plaintiff.

28. Plaintiff was then transported to Brookdale Hospital and treated for his injuries. NYPD officers also made false statements to the hospital staff about how plaintiff received his injuries.

29. From the hospital plaintiff was transported to the 75th Precinct.

30. From the 75th Precinct plaintiff was transported to central booking where he saw a Judge and was released on his own recognizance.

31. P.O. MATTHEW ZAPPIA conspired with the District Attorney's office by making false statements in affidavits, to the prosecutor and in internal police paperwork.

32. SGT. DENIS SAMUYLIN also conspired with P.O. MATTHEW ZAPPIA and the District Attorney's office by making false statements in affidavits, to the prosecutor and in internal police paperwork as well as overseeing the entire incident and providing guidance and support for the unlawful arrest and subsequent beating.

33. After making approximately two court appearances all charges were dismissed against plaintiff.

34. As a result of this arrest, and the subsequent reporting to criminal databases, plaintiff lost

his job as a chef at Lutheran Medical Center. Plaintiff earned approximately 400/week and has been unable to regain employment due to his injuries and tarnished reputation.

35. Plaintiff did not plea to any crimes or violations for any of the above incidents.

36. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

37. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

38. The unlawful stop and arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

39. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

40. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

41. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

42. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the

United States Constitution and the laws of the City of New York and the State of New York.

43. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

44. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

45. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

46. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

47. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

48. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

49. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

50. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

51. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

52. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;
    B. Unwarranted and malicious criminal prosecution;
    C. Deprivation of liberty without due process of law;
    D. Excessive force imposed upon him;
    E. Summary punishment imposed upon him; and

    F.   Denied equal protection under the law.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### New York State Constitution, Art. 1 Section 12 against all Defendants

54. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

55. By detaining and imprisoning plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

56. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

57. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

58. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

### Assault and Battery--all Defendants

60. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

61. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

62. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

### AS A FOURTH CAUSE OF ACTION:
### False Arrest and False Imprisonment--all Defendants

63. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

64. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiff.

65. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

66. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

67. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

68. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

69. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

70. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendants, as employer, are responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

71. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful,

unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

72. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress-all Defendants

73. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

74. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

75. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

76. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondeat superior.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:
### Negligent and Retention of Employment Services-against all Defendants.

78. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

79. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

80. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

81. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

82. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

83. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

### AS A SEVENTH CAUSE OF ACTION:
### Negligence against all Defendants

84. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

85. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

86. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of her pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

87. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

    **WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

5/31/2012
Brooklyn, New York

                                          Respectfully Submitted

                                        By:   Paul Hale, Esq
                                        26 Court St. Ste 913
                                        Brooklyn, NY 11242
                                        (718) 554-7344